UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL SMITH,

    *Plaintiff*,                                                               CASE NO. 12-CV-14278

*v*.                                                                      DISTRICT JUDGE DAVID M. LAWSON
                                                                             MAGISTRATE JUDGE CHARLES BINDER

CITY OF DETROIT; COUNTY OF WAYNE;
LEONARD TOWNSEND, *Judge*;
MICHAEL JAMES CALLAHAN, *Judge*;

    *Defendants*.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** as frivolous because it is an improper attempt to relitigate the U.S. District Court for the Western District of Michigan's dismissal of the same claim against the same defendants.

**II.    REPORT**

    **A.    Introduction**

Plaintiff Darryl Smith, a Michigan prisoner, filed this lawsuit on September 26, 2012, alleging that his constitutional right to procedural due process was violated by a state court's application of a Michigan court rule. Plaintiff's application to proceed without prepayment of the filing fee pursuant to the *in forma pauperis* statute, 18 U.S.C. § 1915, was granted. (Doc. 4.) On October 17, 2012, the case was referred to the undersigned magistrate judge for pretrial case

management. (Doc. 5.) After screening the complaint pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2), I conclude that the case is ready for Report and Recommendation.

### B. Screening Provisions

Federal law provides that:

> The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted . . . .

42 U.S.C. § 1997e(c)(1). Likewise, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

The U.S. Supreme Court has held that a complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Furthermore, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

When the court screens a complaint where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

### C. Procedural History & Plaintiff's Allegations

In 1985, Plaintiff was convicted by jury of first-degree murder in the Recorder's Court for the City of Detroit. (Compl., Doc. 1 at 4.) He was sentenced to a mandatory term of life in prison by the Honorable Leonard Townsend, who is named as a defendant in this suit. (*Id.*) Plaintiff appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on November 9, 1987. In 1994, Plaintiff filed a motion for relief from judgment, which was denied by Judge Townsend under Michigan Court Rule 6.508(D) on March 3, 1994. Plaintiff sought leave to appeal to both the Michigan Court of Appeals and Michigan Supreme Court, but both courts denied leave to appeal. The supreme court's decision was issued on June 24, 1996. Plaintiff filed a second motion for relief from judgment on July 24, 1998, which was denied by Judge Michael Callahan, who is also named as a defendant. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal under Michigan Court Rule 6.508(D)(3). The supreme court's decision was issued February 29, 2000. On June 6, 2000, Plaintiff filed an application for writ of habeas corpus in the United States District Court for the Eastern District of Michigan. The court denied the petition because it was barred by the statute of limitations. *See Smith v. Stegall*, 141 F. Supp. 2d 779 (E.D. Mich. 2001).

On May 9, 2012, Plaintiff filed a civil rights complaint in the U.S. District Court for the Western District of Michigan against the same defendants he has named here alleging the same violation of procedural due process he asserts here. *See Darryl Smith v. City of Detroit, et al.,* Case No. 1:12-cv-00468 (W.D. Mich.). In both complaints, Plaintiff contends that Michigan Court Rule 6.508(D),[1] which governs post-appeal relief, denies procedural due process because it "completely

---

[1]The Michigan Court Rule in question provides in pertinent part that the

court may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or

3

forecloses a collateral appeal" by any defendant who was represented by the same attorney both at trial and in their appeal of right. (Compl., Doc. 1 at 4; W.D. Mich. Case No. 1:12-cv-0046, Compl., Doc. 1 at 6.) In both complaints, Plaintiff alleges that he did not "have a fair opportunity to test the adversarial system on my right of appeal because my trial attorney was also appointed to handle my right of appeal." (*Id.*)

On June 4, 2012, U.S. District Judge Janet T. Neff *sua sponte* dismissed the case as frivolous because (1) the federal courts have no authority to issue a writ of mandamus ordering the state court to reconsider Plaintiff's motion for post-appeal relief, and (2) to the extent Plaintiff sought injunctive, declaratory or monetary relief for alleged violations of his constitutional rights, his claim was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). (W.D. Mich. Case No. 1:12-cv-0046, Op., Doc. 5.) On June 14, 2012, Plaintiff filed a motion for relief from judgment, asserting that the court had mischaracterized the complaint; Judge Neff denied the motion on July 2, 2012. (W.D. Mich. Case No. 1:12-cv-0046, Docs. 7,8.)

Rather than appeal the dismissal of his suit to the U.S. Court of Appeals for the Sixth Circuit, Plaintiff refiled the complaint in this district less than three months later, with several

---

in a prior motion under this subchapter, unless the defendant demonstrates
(a) good cause for failure to raise such grounds on appeal or in the prior motion, and
(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,
    (I) in a conviction following a trial, but for the alleged error, the defendant would have had a reasonably likely chance of acquittal;
    (ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;
    (iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;
    (iv) in the case of a challenge to the sentence, the sentence is invalid.

Mich. Ct. R. 6.508(D)(3).

small changes. In the instant complaint, Plaintiff has omitted any request for damages and has only retained his request that the federal court order the state trial court to hold an evidentiary hearing on his motion for post-conviction relief. (Doc. 1 at 5.) He also has added a citation to *Skinner v. Switzer*, ___U.S. ___, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011), which he claims supports his view that his procedural due process claim is properly brought pursuant to 42 U.S.C. § 1983 and should not have been dismissed. (*Id*. at 4.)

### D. Analysis & Conclusion

I first suggest that the complaint is subject to *sua sponte* dismissal as frivolous because it is duplicative of the case filed in the Western District earlier this year.

> A complaint is duplicative and subject to dismissal if the claims, parties and available relief do not significantly differ from an earlier-filed action. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993). Although complaints may not "significantly differ," they need not be identical. Courts focus on the substance of the complaint. *See, e.g. Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint was duplicative although different defendants were named because it "repeat[ed] the same factual allegations" asserted in the earlier case). Given the similarities between the parties, legal claims, factual allegations, temporal circumstances and relief sought, in the present complaint and the [prior complaint filed by plaintiff], the present complaint must be considered duplicative. The complaint therefore is frivolous.

*Cummings v. Mason*, No. 1:11-cv-649, 2011 WL 2745937, at *2 (W.D. Mich. July 13, 2011). Furthermore, courts have long recognized that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2) as frivolous or malicious. *See McWilliams v. State of Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (holding `that repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that an action may be dismissed as frivolous under 28 U.S.C. § 1915 when

5

the complaint "merely repeats pending or previously litigated claims"); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993).

Here, where Plaintiff is reasserting the identical claim of violation of his procedural due process rights in a second suit against the same defendants, I suggest that the action be dismissed as frivolous pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2).

I further suggest that Plaintiff's claim is subject to *sua sponte* dismissal as frivolous because it is based upon a factual inaccuracy. *See Neitzke*, 490 U.S. at 325 (a complaint "is frivolous where it lacks an arguable basis either in law or in fact"). Plaintiff claims that Michigan Court Rule 6.508(D) denies procedural due process because it "completely forecloses a collateral appeal" by any defendant who was represented by the same attorney both at trial and in their appeal of right. (Compl., Doc. 1 at 4.) This is simply not true. *See Michigan v. Gainforth*, Doc. No. 275750, 2008 WL 4276471, at *2 - *3 (Mich. Ct. App. Sept. 16, 2008) (explaining the standard for excusing a "double procedural default" under Michigan Court Rule 6.508(D)(3) where the defendant had the same attorney at trial and on appeal).

For these reasons, I therefore suggest that Plaintiff's complaint be *sua sponte* dismissed as frivolous pursuant to 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2).

### III. <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another

party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

|  |  |
|---|---|
|  | s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗 |
|  | CHARLES E. BINDER |
| Dated: October 31, 2012 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Darryl Smith, #179933, Bellamy Creek Correctional Facility, 1727 W. Bluewater Highway, Ionia, MI, 48846, and served on Judge Lawson in the traditional manner.

| | |
|---|---|
| Date: October 31, 2012 | By   s/*Jean L. Broucek* |
| | Case Manager to Magistrate Judge Binder |

7