UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL SMITH,

          Plaintiff,                                Case Number 12-14278

v.                                              Honorable David M. Lawson

                                                Magistrate Judge Charles E. Binder

CITY OF DETROIT, COUNTY OF
WAYNE, LEONARD TOWNSEND,
and MICHAEL JAMES CALLAHAN,

          Defendants.
_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT

This matter is now before the Court on the plaintiff's objections to a report filed on October

31, 2012 by Magistrate Judge Charles E. Binder recommending that the Court *sua sponte* dismiss

this prisoner civil rights case under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2).  After

giving fresh review to the complaint,  and considering the magistrate judge's report, the Court is in

substantial agreement with the magistrate judge, and therefore will adopt his report and

recommendation.

The magistrate judge reviewed the facts and procedural history of the case in his report, and

they need not be repeated here.  It is sufficient simply to note that the plaintiff's complaint is

identical — except in minor details that do not affect the outcome here — to a complaint that he

filed on May 9, 2012 in the Western District of Michigan.  *Smith v. City of Detroit*, No. 12-00468

(W.D. Mich.).  On June 4, 2012, Judge Janet Neff dismissed that complaint *sua sponte*, after

reviewing it under the authority of 28 U.S.C. §§ 1915(e)(2), 1915A.  Judge Neff found that the

plaintiff had failed to state a claim for relief because (1) federal courts lack jurisdiction to issue a

writ of mandamus directing state officials to conform their conduct to state law; and (2) a state

prisoner may not challenge the validity of his conviction by filing a civil complaint under 42 U.S.C.

§ 1983, but instead must pursue relief under 28 U.S.C. § 2254. The plaintiff filed a motion for

reconsideration of the dismissal, making most of the same arguments that he presents here in his

objections to the magistrate judge's report. In her order denying the motion for reconsideration,

Judge Neff explained:

> Petitioner [sic] is not entitled to relief from judgment because he does not have a meritorious claim. As discussed in the opinion dismissing the action, Plaintiff seeks to challenge the validity of his underlying conviction. Specifically, he seeks an order from this Court directing the trial court to hold an evidentiary hearing on the constitutional issues raised in his state-court motion for relief from judgment of conviction. A challenge to the fact or duration of confinement pursuant to the judgment of a state court only can be brought as a petition for writ of habeas corpus relief under 28 U.S.C. § 2254, not by way of a writ of mandamus or a civil rights action.
> . . .
> In addition, to the extent that Petitioner alleges that the state court did not properly consider Petitioner's motion under the state postconviction remedy provided by Mich. Ct. R. 6.508, the question is strictly one of state law. Plaintiff's challenge to the enforcement of state law therefore fails to state a claim under § 1983.
> . . .
> Moreover, to the extent that Petitioner intends to argue that he is not challenging the application of Mich. Ct. R. 6.508 to his own conviction, but instead seeks to raise a facial challenge to the rule, his claim also is without merit. A facial challenge to a rule or statute "is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [provision] would be valid." Petitioner does not even argue that the court rule is invalid in all circumstances. Instead, he argues that the state courts fail to interpret it correctly. He therefore fails to present a facial challenge to the rule.

Order Denying Relief from Judgment [dkt. #8], *Smith v. City of Detroit*, No. 12-00468, at *2-4

(W.D. Mich. July 2, 2012) (citations omitted).

On September 26, 2012 — less than three months later — the plaintiff filed his complaint

in the present action in this Court.

-2-

The Court referred the case to Judge Binder for general case management on October 17, 2012. After screening the complaint as required by 28 U.S.C. § 1915, the magistrate judge concluded that it must be dismissed as frivolous because it replicates his complaint in the Western District action and the plaintiff seeks merely to relitigate the same claims already dismissed there. The Court agrees.

The plaintiff requested and was granted permission to proceed *in forma pauperis*. When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the Court has an obligation to screen the case for merit and dismiss if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones*

*v. Bock*, 549 U.S. 199 (2007).  To avoid dismissal, a complaint must include "enough facts to state

a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed.

*Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).  "[A] district court may invoke

the doctrine of res judicata in the interests of, *inter alia*, the promotion of judicial economy."

*Halloway Constr. Co. v United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

As noted above, the plaintiff previously filed a civil action against the defendants in this

case.  Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the

following elements are present: "(1) a final decision on the merits by a court of competent

jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the

subsequent action which was litigated or which should have been litigated in the prior action; and

(4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th

Cir. 1997).  The claim preclusion rule "precludes not only relitigating a claim previously

adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not,

in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).

In this case, all four elements are present.  The plaintiff's prior civil rights case was

dismissed on the merits because the plaintiff sought — as he continues here to seek — an order

commanding a state court to hold a hearing on and reconsider his motion for relief from that court's

judgment of criminal conviction against him.  As Judge Neff explained in her opinion dismissing

the prior case and her order denying the plaintiff's motion for reconsideration, the plaintiff seeks

relief that no federal court may grant.  The present complaint names the same defendants, asserts

the same claims, and demands the same relief that he sought in his prior action.  As the magistrate

judge noted, when the plaintiff's prior case was dismissed, he simply refiled his complaint in this Court with only minor changes, such as the deletion of his request for money damages. Moreover, the plaintiff concedes in his objections that the present action was filed against the same defendants, raises the same claims, and seeks the same relief, Pl.'s Objs. at 3, and he admits that "Judge Neff was right to dismiss Plaintiff's complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994)." *Id.* at 4.

Because the plaintiff's claims obviously are barred by *res judicata*, the complaint is frivolous and must be dismissed.   *See Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (table) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *accord McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious).

The plaintiff filed several objections to the magistrate judge's report, which are addressed in turn below. Objections to a report and recommendation are reviewed *de novo*. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The parties' failure to file objections to the report and recommendation waives any further right to appeal. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to review independently the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

First, the plaintiff attempts to cast his filing of the earlier action as a "mistake," and appears to argue that his present filing should not be precluded because his prior complaint was never served on the defendants. Whether or not service was completed is immaterial where the district court has — as it does here and did in the prior matter — a statutory duty to screen pleadings at the outset, and is required to dismiss on its own initiative those that lack any plausible substantive merit. *See* 28 U.S.C. § 1915(e)(2).

Second, the plaintiff attempts to distinguish his prior complaint from the present one, arguing that he has "corrected his mistakes." However, even if there was some substantive difference between the current and former pleadings, because the prior action was dismissed on the merits the plaintiff is barred by the doctrine of claim preclusion from raising any claims, theories of recovery, or demands for forms of relief that he could have raised in the former action, whether or not he actually raised those claims. *Mitchell*, 343 F.3d at 819. Moreover, as Judge Neff previously held, the plaintiff is barred from seeking not only money damages but also any form of injunctive or declaratory relief, because he has wholly failed to present any claim that a federal court properly

-6-

could hear and decide.  Simply deleting a demand for money damages and omitting any mention of the term "mandamus" from the pleadings has no effect on the substantive merit of the claims presented.

Third, the plaintiff objects that the magistrate judge "failed to compare Plaintiff's complaint to the United States Supreme Court's holding in *Skinner v. Switzer* . . . which would have supplied answers for the reasons the magistrate used . . . for dismissal."  *Skinner* has no bearing on the outcome in this case.  In *Skinner*, the Supreme Court found that a prisoner's section 1983 suit was not barred where he sought to compel the state to permit him access to evidence for DNA testing. As the Court explained, that did not constitute a challenge to the validity of his conviction:

> Success in [plaintiff's] suit for DNA testing would not "necessarily imply" the invalidity of his conviction.  While test results might prove exculpatory, that outcome is hardly inevitable; . . . results might prove inconclusive or they might further incriminate [plaintiff].

*Skinner v. Switzer*, --- U.S. ---, 131 S. Ct. 1289, 1298 (2011).  If the plaintiff was held in prison as a consequence of being denied due process in his postconviction proceedings as he claims, then a ruling in his favor could have no other result than invalidating his present conviction.  The only proper avenue for that relief is habeas corpus.

The magistrate judge correctly recommended that this case should be dismissed at the screening stage because the claims are frivolous.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #7] is **ADOPTED** and the plaintiff's objections [dkt. #8] are **OVERRULED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 2, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 2, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---